UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS by ANGELICA B. AMBROSE, ADMINISTRATIVE MANAGER,<br><br>Plaintiff,<br><br>vs.<br><br>WILLMAN CONSTRUCTION, INC.<br><br>Defendant. | ) ) ) ) ) ) No. _____ ) ) ) COMPLAINT ) ) ) ) |

# COUNT I

COMES NOW the Plaintiff, the Board of Trustees of Carpenters Fringe Benefit Funds of Illinois by Angelica B. Ambrose, Administrative Manager, by their attorneys, and for their cause of action against the Defendant, Willman Construction, Inc., alleges as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 USC 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Carpenter Fringe Benefit Funds of Illinois is a plan administrator of certain welfare, pension and related joint, labor-management funds (hereinafter referred to as "Funds"). Plaintiff, Angelica B. Ambrose is the Administrative Manager of the Funds.

The Board of Trustees is an ERISA Fiduciary.  Angelica B. Ambrose is a fiduciary under ERISA.  Angelica B. Ambrose exercises discretion in and is responsible for the day to day operation of said Funds.

3.  Defendant has a principal place of business in Davenport, Iowa and performs work within the State of Iowa, and is an employer engaged in the business of general construction, who has done, and continues to do business within the geographic jurisdiction of the Court.

4.  Defendant is obligated to make accurate and timely fringe benefit contributions to the funds under the terms of the "Memorandum of Agreement" (Attached as Exhibit "A") which binds Defendant to various Collective Bargaining Agreements including Heartland Regional Council of Carpenters Local Union 4, and Local Union 166 of the United Brotherhood of Carpenters and Joiners of America (hereinafter Carpenter Union), the members of which are beneficiaries of those funds.

5.  As an employer obligated to make fringe benefit contributions of the Funds, Defendant is specifically required to do the following:

(a)  to submit to Plaintiff for each month, by the 15th day of the month following the month for which the report is made, an accurate report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b)  To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c)  To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions by way of the payment of liquidated damages in the amount of 10 percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submissions of all contributions required of it to be made to Plaintiffs;

(f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records of audit or to recover delinquent contributions; and

(g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

6. Defendant is delinquent and has breached its reporting and payment obligations to Plaintiff under the Memorandum of Agreement by the failure to file reports for the months of November and December, 2014.

7. Defendant has also failed and neglected to make timely required contributions to said pension fund in violation of 29 USC 1145.

8. Defendant has specifically failed to timely and accurately submit to Plaintiff for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by the Defendant to Plaintiff; or, if no such persons are employed for a given month, to submit a report so stating.

9. Defendant has a history of being delinquent in the filing of timely reports and in making the required pension fund contributions.

10. Defendant has failed to file contribution reports for the months of November and December 2014 pursuant to the Collective Bargaining Agreement.

WHEREFORE, Plaintiff prays that Defendant be ordered to prepare and file complete and accurate contribution reports for the months of November and December, 2014, plus other and further relief as the Court deems equitable.

## COUNT II

NOW COMES the Plaintiff, the Board of Trustees of Carpenters Fringe Benefit Funds of Illinois by Angelica B. Ambrose, Administrative Manager, by their attorneys, and for Count II of their cause of action against the Defendant, Willman Construction, Inc., alleges as follows:

11. Plaintiff repeats and realleges Paragraphs 1 through 9 of Count I of Plaintiff's Complaint.

12. Over the past months, Defendant has filed certain monthly benefit reports but failed to submit the corresponding payments.

13. Defendant's reports, as filed, disclose delinquencies in the amount of $210,900.55.

14. Defendant Willman will likely incur additional liability in contributions during the pendency of this case and as a result of the benefit reports requested in Count I herein.

WHEREORE, Plaintiff prays that judgment be entered against the Defendant in the amount of $210,900.55, plus any and all amounts as disclosed by the November and December 2014 benefit reports, once filed, for post judgment past due contributions, liquidated damages and  attorney fees,

pursuant to the agreement, plus costs and such other and further relief as the Court deem equitable.

          /s/ Timothy M. Feeney
        Timothy M. Feeney, AT0002527

McCarthy, Callas & Feeney, P.C.
The Law Centre
329 Eighteenth Street
Rock Island, IL 61204-3100
(309) 788-2800 (Phone)
(309) 793-4090 (Fax)
Email:  tfeeney@mcfe-law.com